IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL McNAIR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-23-365 |
| BACE, *Correctional Officer*, | * | |
| Defendant. | * | |
| | *** | |

**MEMORANDUM OPINION**

Plaintiff Michael McNair filed the above-captioned civil rights action, pursuant to 42 U.S.C. § 1983, pertaining to his detention at the Montgomery County Correctional Facility ("MCCF").  ECF No. 1.  Mr. McNair then filed a court-directed amended complaint (ECF No. 5) against Defendant Bace, Correctional Officer.  ECF No. 7.

Pending is a motion to dismiss filed by Officer Bace.  ECF No. 18.  Mr. McNair opposes the motion (ECF Nos. 25, 26) and Officer Bace has replied.  ECF No. 27.  No hearing is necessary to address the matters pending.  *See* Local Rule 105.6 (D. Md. 2023).  For the following reasons, the motion to dismiss will be denied without prejudice.  Mr. McNair will be directed to file a second amended complaint.

I.      **Background**[1]

On November 4, 2022, Mr. McNair was a pretrial detainee at MCCF and his cell flooded. ECF No. 7.  Officer Bace moved him to a different cell but failed to follow proper procedures by handcuffing Mr. McNair in the front and not in the back.  *Id.* at 4.  After Mr. McNair was moved

---

[1]     Unless otherwise noted, the facts outlined here are those set forth in the amended complaint and construed in the light most favorable to Mr. McNair.

to the other cell, Officer Bace left him in handcuffs "between 20 minutes to an hour" before the handcuffs were removed.  *Id.* at 4-5.  As a result, Mr. McNair's anxiety rapidly increased causing him to be "mentally and psychologically harmed."  *Id.*  Mr. McNair did not suffer physical injuries but received mental health treatment including having the dose of his anxiety medication tripled.  *Id.* at 5.  Plaintiff seeks $100,000 in damages.

## II.     Standard of Review

In reviewing the amended complaint in light of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2)); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed.R.Civ.P. 8(a)).  Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss.  *Id.*  Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "But

where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

## III.   Analysis

### A.  Exhaustion of Administrative Remedies

Officer Bace asserts that Mr. McNair failed to exhaust administrative remedies.  ECF No. 18-1 at 4-6.  The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner.  Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants.  *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

Officer Bace provides a copy of the grievance procedure at MCCF.  ECF No. 18-3.  His exhaustion argument is based solely on correspondence the court received from Mr. McNair on March 8, 2023 (ECF No. 4) that contained copies of grievance documents filed by Mr. McNair.  ECF No. 18-1 at 5-6.  Officer Bace asserts that these documents indicate that Mr. McNair did not exhaust administrative remedies.  *Id.* at 4-6.  Officer Bace also asserts that Mr. McNair "does not indicate in his Amended Complaint that he filed an appeal."  ECF No. 18-1 at 6.

On March 21, 2023, after the grievance documents filed by Mr. McNair were received, the court directed Mr. McNair to file an amended complaint and cautioned him that it would "stand alone as the sole complaint in this action which defendants must answer."  ECF No. 5-1 at 3-4. On April 17, 2023, the court received Mr. McNair's amended complaint and on July 24, 2023, the

court held that the amended complaint alone was the operative pleading and directed service of the amended complaint on Officer Bace.  ECF No. 10.  The amended complaint does not make any allegations pertaining to the grievance process, nor did Mr. McNair submit any documents with his amended complaint.  ECF No. 7.

On September 25, 2023, Officer Bace filed a motion to dismiss.  ECF No. 18.  Mr. McNair filed a response (ECF No. 25) and, at that time, also submitted another copy of his grievance documents.[2]  ECF Nos. 25-1 - 25-5.

Where, as here, the affirmative defense of exhaustion is raised in a motion to dismiss, the factual basis for dismissal must appear on the face of the amended complaint.  Here, the amended complaint does not contain any information pertaining to exhaustion.  ECF No. 7.  Dismissal is unwarranted on the basis of exhaustion.

### B.  Excessive Force Claim

Mr. McNair alleges that Officer Bace incorrectly applied handcuffs and he was handcuffed longer than he should have been.  ECF No. 7.  The court construes this as an excessive force claim.  Officer Bace argues that the claim should be dismissed because Mr. McNair "states only generally that proper procedures were not followed" (ECF No. 18-1 at 7) and that "there is no allegation in the Amended Complaint that Officer Bace exerted any excessive force against Plaintiff."  *Id.* at 8.

Mr. McNair responds that the handcuffs were not "to a degree of severe injury," but they were "too tight" and the handcuffs left marks on his wrists.  ECF No. 25 at 3.  As a result, he has been diagnosed with anxiety and depression and is receiving medication.  *Id.* at 11.  Mr. McNair also submitted an affidavit in response to the motion, explaining that the flooding was caused by

---

2    Both sets of the grievance documents filed by Mr. McNair are largely illegible because the writing is extremely light on the copies, and Officer Bace has not submitted a legible copy.  ECF Nos. 4; 25-1 – 25-5.

a clogged toilet in his cell that he had reported earlier that morning as in need of maintenance. ECF No. 26 at 2.

Officer Bace replies that Mr. McNair improperly attempts to add new factual allegations in his response and affidavit, including allegations that his handcuffs were too tight.  ECF No. 27 at 2.  Officer Bace further asserts that even if the court were to consider these facts, Mr. McNair has still failed to state a claim for relief.  *Id.*

Officer Bace is correct that "parties cannot amend their complaints through briefing."  *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).  Additional factual allegations raised by Mr. McNair in his response to the motion to dismiss, including the affidavit, will not be considered in ruling on Officer Bace's motion except as they might relate to any leave to amend.

Mr. McNair states in his response that he is bringing his claims under the Eighth Amendment (ECF No. 25 at 3) but, because he is a pretrial detainee, his claim is properly considered under the Fourteenth Amendment's due process clause.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)) ("the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment[.]").  Further, the Fourteenth Amendment due process clause protects pretrial detainees from "governmental action" that is not "rationally related to a legitimate nonpunitive governmental purpose" or that is "excessive in relation to that purpose."  *Short v. Hartman*, 87 F.4th 593, 608-609 (4th Cir. 2023), *cert. denied*, No. 23-1097, 2024 WL 2883766 (U.S. June 10, 2024) citing *Kingsley*, 576 U.S. at 398 (quoting *Bell v. Wolfish*, 441 U.S. 520, 561 (1979) (internal quotation marks omitted).

To state a claim of excessive force in violation of his Fourteenth Amendment rights as a pre-trial detainee, Mr. McNair may prevail upon evidence that "the use of force is deliberate – *i.e.*,

purposeful or knowing." *Kingsley*, 576 U.S. at 395.  Mr. McNair's claim need not detail a subjective element of his alleged assailant's subjective state of mind, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97.  Objective reasonableness turns on the "facts and circumstances of each particular case." *Id.* at 397 (quoting *Graham*, 490 U.S. at 396 (1989)).  To determine if the force used was reasonable, the following factors may be considered:  "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397.

Mr. McNair states that he was handcuffed in order to be moved from one cell to another.  He does not contest that he was handcuffed, but complains that he was front cuffed instead of rear cuffed in violation of policy.  These facts alone do not state a constitutional claim for relief.  The act of handcuffing a detainee for transport between cells, without more, is not excessive.  *See Taylor v. Montgomery Cnty., Maryland*, No. GJH-20-3143, 2021 WL 3857949, at *7 (D. Md. Aug. 30, 2021); *see also  Bratcher v. Hampton Roads Reg'l Jail*, No. 1:16CV224 (AJT/IDD), 2018 WL 1037052, at *4 (E.D. Va. Feb. 21, 2018), *aff'd*, 738 F. App'x 793 (4th Cir. 2018) (the use of handcuffs on a pretrial detainee limited to the period of transport does not indicate that the policy is an "exaggerated" response to the valid considerations of safety and security).  Additionally, "[r]egardless of any alleged violations of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met."  *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 629 & n.6 (D. Md. 2015) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).

6

The remaining issue presented in the amended complaint is whether Office Bace violated Mr. McNair's constitutional rights by keeping him handcuffed in his cell for twenty minutes to one hour.  Courts that have considered whether the use of handcuffs on pretrial detainees constitute excessive force under the Fourteenth  Amendment look to factors that include: the length of time the individual was handcuffed, if the individual complained about the tightness of the handcuffs, and the extent of physical injuries.  *See Karnes v. PTS of America, LLC*, 590 F.Supp.3d 780, 819 (D. Md. 2022) (plaintiff adequately stated a claim after day long transport where he immediately and repeatedly complained that the restraints were painfully tight, he had purple and blue rings around his wrists, numb hands, and afterwards suffered from loss of sensation and limited mobility in one hand); *see also Davis v. Lilly*, No. 7:23-CV-152, 2023 WL 6564894, at *4 (W.D. Va. Oct. 10, 2023) (plaintiff failed to state a claim where he did not complain about tightness of handcuffs and there was no specific injury alleged).

Similarly, courts have denied summary judgment due to genuine disputes of material fact as to if the handcuffs were unreasonably tight; if detainee complaints were ignored; and if physical injury resulted. *See Gainey v. Barwick*, No. 2:21-CV-00994-JD-MGB, 2022 WL 18284841, at *9-10 (D.S.C. Oct. 28, 2022), citing *Hewitt v. Bennett*, No. CV 6:19-1927-JFA-KFM, 2020 WL 3420756, at *4 (D.S.C. June 22, 2020) (disputes of fact regarding tightness of handcuffs; necessity of handcuffing; whether Defendant intended that Plaintiff continue to suffer by refusal to adjust handcuffs; and whether documented injuries were the result of excessively tight handcuffs), *report and recommendation adopted*, No. 2:21-CV-00944-JD-MGB, 2022 WL 17750855 (D.S.C. Dec. 19, 2022).

As noted by Officer Bace, Mr. McNair did not include facts in his amended complaint indicating that his handcuffs were too tight, that he complained to anyone about the tightness, or

that he suffered physical injuries from tight handcuffs.  Mr. McNair raises these issues only in response to Officer Bace's motion to dismiss.

The court determines that in light of Mr. McNair's status as a pro se litigant and his indication that his handcuffs were applied too tightly, Officer Bace's motion should be dismissed without prejudice and Mr. McNair should be granted leave to file a second amended complaint to provide necessary information to state a claim for relief. [3]  As complaints drafted by self-represented plaintiffs are held to a less stringent standards than those drafted by attorneys, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants.  *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984).  *See* Fed.R.Civ.P 15(a)(2) (a "court should freely give leave [to amend] when justice so requires.").

Mr. McNair will be granted 28 days in which to file a second amended complaint to address his Fourteenth Amendment claim against Officer Bace alleging use of excessive force.  In the second amended complaint, Mr. McNair should provide necessary facts to support his claim that Office Bace used excessive force by keeping him in handcuffs in his cell and by applying handcuffs too tightly. He needs to include allegations indicating if he made complaints about the handcuffs being too tight before they were removed, any injuries he suffered, if he requested medical care for any handcuff injuries, and what, if any, medical care he received.  He should provide the dates and times these events took place, who he made any complaints or requests to, and the nature of any response he received.

---

[3]   The court declines to address Officer Bace's qualified immunity defense insofar as Mr. McNair will be given an opportunity to file a second amended complaint.  Additionally, although Officer Bace asserts that Mr. McNair's state law claims should be dismissed (ECF No. 18) and Mr. McNair has responded (ECF No. 25) the court finds that Mr. McNair did not plead any state law claims in his amended complaint.  ECF No. 7.  In his second amended complaint, Mr. McNair may raise only a Fourteenth Amendment claim pertaining to Officer Bace's use of handcuffs.

Mr. McNair is advised that a second amended complaint will replace the amended complaint in this matter. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001), quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, Mr. McNair's second amended complaint must include all of the allegations against Officer Bace regarding the claims he seeks to raise in his second amended complaint, so that the second amended complaint may stand alone as the sole complaint in this action which Officer Bace must answer.

## Conclusion

For the foregoing reasons, Officer Bace's Motion to Dismiss is denied without prejudice. Mr. McNair will be granted leave to file a second amended complaint within 28 days consistent with this Memorandum Opinion.  A separate Order follows.


June 25, 2024                                       _____/s/_____
                                                   DEBORAH K. CHASANOW
                                                   United States District Judge