IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL McNAIR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-23-365 |
| BACE, *Correctional Officer*, | * | |
| Defendant. | * | |

\*\*\*

**MEMORANDUM OPINION**

Plaintiff Michael McNair filed the above-captioned civil rights action, pursuant to 42 U.S.C. § 1983, pertaining to his detention at the Montgomery County Correctional Facility ("MCCF"). ECF No. 1. Mr. McNair then filed a court-directed Amended Complaint (ECF No. 5) against Defendant Bace, Correctional Officer. ECF No. 7. Officer Bace filed a motion to dismiss (ECF No. 18) that the court denied and Mr. McNair was directed to file a second amended complaint. ECF Nos. 28, 29.

On August 23, 2024, the court received Mr. McNair's Second Amended Complaint (ECF No. 34) and on August 26, 2024, the court received another complaint from Mr. McNair that was docketed as a supplemental second amended complaint. ECF No. 35. The two documents contain nearly identical information with a slightly different layout.

Officer Bace filed a second motion to dismiss which is pending. ECF No. 38. Mr. McNair opposes the motion (ECF No. 43) and Officer Bace has replied. ECF No. 44. Officer Bace concluded that the Supplemental Second Amended Complaint is the operative complaint in his court filings (ECF No. 38 at 3) and the court agrees. The Supplemental Second Amended Complaint is the operative complaint. ECF No. 35.

Having reviewed the submitted materials, the court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, Defendant Bace's motion to dismiss (ECF No. 38) will be denied and counsel shall be appointed to represent Mr. McNair.

## I.     Background[1]

On November 4, 2022, Mr. McNair was a pretrial detainee housed in the segregation unit at MCCF. ECF No. 35 at 4, 8. In the early morning he was awakened by Correctional Officers who directed him to come to his cell door to "cuff up" for routine weekly inspection by the administration. *Id.* at 4. Mr. McNair cuffed up as directed and officers then escorted him out of his cell for a pat down by officers. *Id.* During the pat down, two different officers went into Mr. McNair's cell and he advised them that his toilet was clogged and there were serious maintenance issues. *Id.* at 5. The officers in his cell did not check the toilet, but instructed the other officers to return him to his cell and they did. *Id.*

Later that day, Mr. McNair was discussing pending grievances with Deputy Warden Kendra Jochum who advised him that after lunch he would be moved out of the segregation unit. *Id.* at 5-6. During this discussion, Mr. McNair's cell began to flood. *Id.* at 6. Deputy Warden Jochum left his cell and moments later Officer Bace arrived and told Mr. McNair to cuff up. *Id.* Officer Bace instructed Mr. McNair to cuff up with his hands in front, rather than in the back, so that he could use his hands to pull his property bag into the next cell where he would be moved. *Id.* at 6. Mr. McNair did as he was instructed, and Officer Bace applied the handcuffs "overly tight" to his wrists. *Id.* at 7. Several times, Mr. McNair complained to Officer Bace that the handcuffs were too tight, and his complaints were ignored. *Id.* Mr. McNair was directed to drag his property bag to the next cell while cuffed and he complied with the order. *Id.*

---

[1] Unless otherwise noted, the facts outlined here are those set forth in the Supplemental Second Amended Complaint (ECF No. 35) and construed in the light most favorable to Mr. McNair.

Officer Bace left Mr. McNair in handcuffs locked in the cell with another inmate who was uncuffed and closed the sallyport door on the cell. *Id.* 7-8. Mr. McNair states that putting him in a cell with an uncuffed inmate is a high safety and security risk because he would be unable to defend himself if necessary because he was handcuffed. *Id.* at 7.

Mr. McNair pressed the emergency call button in the cell but Officer Bace did not respond. *Id.* at 7. Mr. McNair was left cuffed in the cell from twenty minutes to one hour and was in pain due to the tight cuffs. *Id.* at 8. Officer Bace then came to the cell and removed the handcuffs. *Id.* Mr. McNair had marks and bruises on his wrists and temporary numbness in both hands and swollen fingers. *Id.* He asked Officer Bace if he could go to the medical department for treatment and photographs and his requests were ignored. *Id.*

After lunchtime that same day, Mr. McNair was released from the segregation unit and moved to another housing unit. *Id.* On arrival, Mr. McNair advised Officer Nguimdyo of the "incident" and went to show her his hands but the temporary swelling had gone down and his hands were no longer numb. *Id.* The handcuff marks were barely visible. *Id.* Officer Nguimdyo provided Mr. McNair with a grievance form which he filled out and returned to her, and she forwarded the form to custody and security. *Id.*

On November 14, 2022, Sergeant Brown, who is in charge of inmate grievances, spoke with Mr. McNair in response to his grievance and forwarded the grievance to the next level. *Id.* at 8-9. Mr. McNair has never received a response to the grievance. *Id.* at 9.

Officer Bace provides a copy of the grievance form with his motion, ECF No. 38-3, asserting that the grievance is intrinsic to the Supplemental Second Amended Complaint and may be considered. ECF No. 38-1 at 6. *See Goines v. Valley Cmty. Services Bd.,* 822 F.3d 159, 164, 166 (4th Cir. 2016) citing *Sec'y of State For Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir.2007) ("While a 12(b)(6) motion focuses on the allegations of the complaint, it is well

3

established that a document attached to a motion to dismiss may be considered when evaluating a motion to dismiss if the document was "integral to the complaint and authentic."). Documents may also be considered if they are "explicitly incorporated into the complaint by reference." *Goines*, 822 F.3d at 166 citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, (2007). The court will consider the grievance. In the grievance, Mr. McNair complains that Officer Bace violated proper procedure when he handcuffed Mr. McNair in front instead of in back and also that handcuffs were left on between 20 minutes to one hour before being removed. *Id.*

## II.     Standard of Review

In reviewing the amended complaint in light of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2)); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed.R.Civ.P. 8(a)). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

### III.   Analysis

In his motion to dismiss, Officer Bace seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) arguing that: (1) Mr. McNair's claim of excessive force must be dismissed for failure to state a claim because his claim of injury is not brought in good faith; (2) in the alternative, Mr. McNair's injuries do not rise to a constitutional violation; and (3) Officer Bace is entitled to qualified immunity.   ECF No. 38-1.

#### A. Mr. McNair's Claim of Injury is not Brought in Good Faith

Officer Bace asserts that Mr. McNair's claim of physical injury is a fabrication of facts that contradicts what he asserted in his Amended Complaint and he has not stated a claim for relief. *Id.* at 8-10.  For the following reasons, the court finds that Mr. McNair has stated a claim and denies the motion to dismiss on these grounds.

Mr. McNair filed an initial complaint that was silent as to whether he suffered injury as a result of the alleged conduct of Officer Bace.  ECF No. 1.  Mr. McNair named only the Montgomery County Correctional Facility as a Defendant and complained of the duration of time he was handcuffed and that proper procedures were not followed. *Id.* at 2.  The court issued an order directing an amended complaint to allow Mr. McNair to state if he suffered any injury and to name a proper defendant.  ECF No. 5-1.  Mr. McNair then filed an Amended Complaint naming Officer Bace as a Defendant in which he states "I was not physically but mentally injured… I needed and received psychological treatment."  ECF No. 7 at 5.

5

Officer Bace then filed his first motion to dismiss arguing that the claim should be dismissed because Mr. McNair "states only generally that proper procedures were not followed" (ECF No. 18-1 at 7) and that "there is no allegation in the Amended Complaint that Officer Bace exerted any excessive force against Plaintiff." *Id.* at 8.  In his opposition to the motion, Mr. McNair responded that the handcuffs were not "to a degree of severe injury," but they were "too tight" and the handcuffs left marks on his wrists.  ECF No. 25 at 3.  Officer Bace replied that Mr. McNair could not amend his complaint through his response to the motion to dismiss, ECF No. 27 at 2, and the court agreed. ECF No. 28 at 5.  *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("parties cannot amend their complaints through briefing.").

In light of Mr. McNair's status as a pro se litigant and his indication that his handcuffs were applied too tightly, the court dismissed Officer Bace's motion without prejudice and granted Mr. McNair leave to file a second amended complaint to provide necessary information to state a claim for relief.  *Id.* at 8.  Mr. McNair was specifically directed that in the second amended complaint, he should provide necessary facts to support his claim that Office Bace used excessive force by keeping him in handcuffs in his cell and by applying handcuffs too tightly.  *Id.*  He was directed to include allegations indicating if he made complaints about the handcuffs being too tight before they were removed, any injuries he suffered, if he requested medical care for any handcuff injuries, and what, if any, medical care he received.  *Id.*  Mr. McNair was directed to provide the dates and times these events took place, to whom he made any complaints or requests, and the nature of any response he received.  *Id.*

Mr. McNair's Supplemental Second Amended Complaint is directly responsive to the court's order.  The court already decided after reviewing his initial Complaint, Amended Complaint, and response to the motion to dismiss, that he should be provided with another

6

opportunity to allege the facts pertaining to the tightness of the handcuffs and any injuries he suffered. He has now done so.

When considering a Rule 12(b)(6) motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). The court does not find that Mr. McNair has acted in bad faith in alleging physical injury and Officer Bace's motion to dismiss on this ground is denied.

### B. Failure to State a Constitutional Claim

Officer Bace asserts that because Mr. McNair alleges only de minimis injury and he is barred from bringing this action under the Prisoner Litigation Reform Act ("PLRA"). ECF No. 38-1 at 10-11. He argues that under the PLRA, a prisoner may not bring a civil action for mental or emotional injury without a prior showing of physical injury. *Id.* The court disagrees.

Officer Bace relies on a statutory provision titled "limitation on recovery" which states that a prisoner may not bring a civil action for "mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). This provision does not bar a plaintiff from bringing an action; it limits the recovery to nominal and punitive damages, while barring compensatory damages. *See Johnson v. Morgan*, No. CV CCB-19-3035, 2021 WL 2936319 (D. Md. July 13, 2021) citing *Wilcox v. Brown*, 877 F.3d 161, 169-70 (4th Cir. 2017) (additional citation omitted). Mr. McNair has not specified the type of damages he is seeking, but rather a monetary amount which in turn would encompass both nominal and punitive damages. ECF No. 35 at 5. *See Wilcox*, 877 F.3d at 169 (citation omitted). *See also* Fed. R. Civ. Pro 54(c) (a final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings). Mr. McNair's claim for excessive force is not barred by the PLRA.

7

To the extent that Officer Bace otherwise asserts that Mr. McNair fails to state a claim due to de minimis injury, the court again disagrees.  As the court previously noted, Mr. McNair is a pretrial detainee and his claim is properly considered under the Fourteenth Amendment's due process clause. ECF No. 28 at 5.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)) ("the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment[.]").  The Fourteenth Amendment due process clause protects pretrial detainees from "governmental action" that is not "rationally related to a legitimate nonpunitive governmental purpose" or that is "excessive in relation to that purpose."  *Short v. Hartman*, 87 F.4th 593, 608-609 (4th Cir. 2023), *cert. denied*, No. 23-1097, 2024 WL 2883766 (U.S. June 10, 2024) citing *Kingsley*, 576 U.S. at 398 (quoting *Bell v. Wolfish*, 441 U.S. 520, 561 (1979) (internal quotation marks omitted).

To state a claim of excessive force in violation of his Fourteenth Amendment rights as a pre-trial detainee, Mr. McNair may prevail upon evidence that "the use of force is deliberate – *i.e.*, purposeful or knowing."  *Kingsley*, 576 U.S. at 395.  Mr. McNair's claim need not detail a subjective element of his alleged assailant's subjective state of mind, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97.  Objective reasonableness turns on the "facts and circumstances of each particular case."  *Id.* at 397 (quoting *Graham*, 490 U.S. at 396 (1989)).  To determine if the force used was reasonable, the following factors may be considered:  "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397.

Taking the *Kingsley* factors into account, the court finds that Mr. McNair has adequately stated a claim that Office Bace used excessive force. *Kingsley*, 576 U.S. at 397. Mr. McNair has alleged that Officer Bace unnecessarily locked him in a cell without removing his handcuffs although Mr. McNair did not resist Officer Bace's instructions, act in a threatening manner, or pose a security risk. Mr. McNair alleges that the handcuffs were tightly applied, he complained to Officer Bace, and there was no effort by Officer Bace to loosen or remove the handcuffs. Further, he alleges that he was kept in this condition for an extended period of time without justification. Mr. McNair's has stated a claim for use of excessive force in his Supplemental Second Amended Complaint.

**C. Qualified Immunity**

Officer Bace asserts that if Mr. McNair has stated a viable claim, he is entitled to qualified immunity because it was not clearly established at the time of the incident that his actions constituted an excessive use of force. ECF No. 38-1 at 14. The United States Court of Appeals for the Fourth Circuit has recently summarized the qualified immunity analysis.

> Officers are immune from liability "insofar as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have been known." (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis added). This standard leads to two questions: (1) whether any right was violated, (2) whether that right was "clearly established" at the time of the alleged violation. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).
>
> "[T]o conclude that a right is "clearly established," we must inquire whether an objectively reasonable officer in the defendant's shoes would "understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). We examine the alleged right at a "high level of particularity." *Edwards v. City of Goldsboro*, 178 F.3d 231, 251 (4th Cir. 1999). . . But, by the same token, a rejection of excessive generality does not equate to an insistence on exactitude. Few situations are exactly the same and to require that plaintiffs produce identical precedent would transform qualified immunity into a grant of absolute immunity for defendants.

9

*Somers v. Devine*, 132 F.4th 689, 696 (4th Cir. 2025).

As discussed, the court finds that Mr. McNair has adequately alleged a violation of a constitutional right and the first prong of the qualified immunity analysis is met. The second prong requires the court to determine whether Officer Bace should have known that his conduct constituted an excessive use of force at the time his actions took place. Officer Bace does not provide a fact based legal analysis to support his assertion that he is entitled to qualified immunity.

The Fourth Circuit has held that the use of excessive force analysis is the same under both the Fourth and the Fourteenth Amendment as the standard for both is "objective unreasonableness." *See Somers v. Devine*, 132 F.4th at 698 citing *Lombardo v. City of St. Louis*, 594 U.S. 464, 466 n.2 2021 ("Whatever the source of law, in analyzing an excessive force claim, a court must determine whether the force was objectively unreasonable in light of the 'facts and circumstances of each particular case.' " (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). The court finds that at the time Mr. McNair was restrained there were sufficient Fourth Circuit cases putting Officer Bace on reasonable notice that his conduct was unlawful. *See Atkinson v. Godfrey*, 100 F.4th 498, 506 (4th Cir. 2024)( citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 251 (4th Cir. 1999) (to determine if the right was clearly established, the court is to consider decisions of the Supreme Court, the Circuit Court of Appeals, and the highest court of the state in which the case arose).)

In Fourth Amendment excessive force cases, the Fourth Circuit has consistently applied the *Graham* factors in determining if there has been an excessive use of force, specifically "an officer must carefully measure the force used to respond to the particulars of a case including the wrongdoing at issue, the safety threat posed by the suspect, and any attempt to evade arrest or flee." *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 186 (4th Cir. 2018)( citing *Graham*, 490 U.S. at 396.) *E.W.* involved the handcuffing of a calm and complaint child at school resulting in

10

de minimis injury when there was probable cause for arrest. The Fourth Circuit granted qualified immunity to the officer holding it was not clear at the time that the officer's use of handcuffs would be considered excessive force, and stated "our excessive force holding is clearly established for any future qualified immunity cases involving similar circumstances." *Id.* at 186-187.

In *Brooks v. McKimmie*, No. CV DLB-23-0208, 2025 WL 1018882, at *13 (D. Md. Apr. 4, 2025), the district court denied qualified immunity to the defendant based on well-established Fourth Circuit caselaw that "it is objectively unreasonable for a police officer to apply additional force once an unarmed suspect is secured." In doing so, the court cited to *Kane v. Hargis,* 987 F.2d 1005, 1008 (4th Cir. 1993) (per curiam) (it was clearly established that once a suspect is pinned to the ground the officer should not use additional force); *Valladares v. Cordero,* 552 F.3d 384, 390–91 (4th Cir. 2009) (it was clearly established that an officer could not use "unnecessary, gratuitous, and disproportionate" force after the officer had the plaintiff "under full control."); and *Bailey v. Kennedy*, 349 F.3d 731, 745 (4th Cir. 2003) (it was clearly established that the officers could not use force after the plaintiff was secured face down on the floor in handcuffs and leg restraints, when the plaintiff had not committed a crime and he was not a danger to himself or others). *See also Pegg v. Herrnberger*, 845 F.3d 112, 120 (4th Cir. 2017) (qualified immunity granted where suspect resisted arrest causing the officer to take him to the ground to be handcuffed resulting in de minimis injury).

The facts alleged in the operative complaint are that Mr. McNair was compliant with being handcuffed by Officer Bace and was moved to another cell without resistance. Further, Mr. McNair had not committed any wrongful act, and posed no threat whatsoever. Although Mr. McNair was securely locked in a cell, Officer Bace ignored Mr. McNair's complaints that the handcuffs were applied too tightly, failed to loosen or remove the handcuffs, kept him in the cell with another inmate who was not handcuffed possibly creating a security risk, and held him in this manner for

11

a period of time, causing some level of discomfort and injury. The court concludes that Officer Bace is not entitled to qualified immunity as he was on reasonable notice that his actions in holding Mr. McNair in this manner under the circumstances alleged were unlawful. This defense will be denied.

### D. Appointment of Counsel

The court has determined that Mr. McNair's excessive force claim may proceed. A review of his filings to date indicate that the case warrants relevant legal analysis on the set of facts presented and that there are likely to be factual disputes that warrant discovery. "[D]istrict courts have discretion to appoint counsel in civil cases and abuse that discretion by declining to do so where the case of an indigent person presents exceptional circumstances." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (citation and quotations omitted). Exceptional circumstances exist if (1) plaintiff has a "colorable claim" and (2) considering the claim's objective complexity and his subjective abilities, plaintiff "lacks the capacity to present it." *Id.* (citation and quotations omitted).

Based on Mr. McNair's filings to date, and the nature of his claims, the court determines that exceptional circumstances exist that warrant the appointment of an attorney to represent him under § 1915(e)(1).

### IV. Conclusion

For the foregoing reasons, Officer Bace's motion to dismiss is denied. Officer Bace will be directed to answer the Supplemental Second Amended Complaint. Counsel will be appointed to represent Mr. McNair. A separate Order follows.

June 5, 2025                                    _____/s/_____
                                                DEBORAH K. CHASANOW
                                                United States District Judge